IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. WALDON,

      Plaintiff,                    No. CIV S-06-2139 MCE GGH P

   vs.

OFFICER RAMIREZ, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $5.83 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be
2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief
5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9   U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
21  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
22  a complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  \\\\\

Named as defendants are Officer Ramirez, Sergeant Zaniroli, Lieutenant Glensor, Warden Shepherd, Sergreant Harris and N. Grannis.

The complaint contains no specific allegations against defendant Grannis.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendant Grannis to the alleged deprivations, the claims against defendant Grannis are dismissed with leave to amend.

Plaintiff alleges that he was wrongly placed in the cage for 4-5 hours after he was accosted in the dining hall by several correctional officers. After plaintiff complained about

1  being in the cage, he was taken to see defendant Harris.  In response to every statement by
2  plaintiff, defendant Harris stated "but defendant Ramirez is a correctional officer."
3              Plaintiff does not allege that defendant Harris was aware of his placement in the
4  cage by defendant Ramirez.  Standing alone, defendant Harris's conduct does not state a
5  constitutional claim.  Accordingly, the claims against defendant Harris are dismissed with leave
6  to amend.
7              Plaintiff's claim against defendant Ramirez appears to be that he wrongly placed
8  plaintiff in the cage for 4-5 hours.  Plaintiff does not describe the conditions of the cage nor any
9  injury he suffered as a result of being in it.  In addition, plaintiff's description of the events
10 leading up to his placement in the cage are somewhat vague.  For these reasons, the court cannot
11 determine whether plaintiff has stated a colorable claim against defendant Ramirez.
12 Accordingly, this claim against defendant Ramirez is dismissed with leave to amend.
13             Plaintiff alleges that defendant Zaniroli investigated an issue involving plaintiff's
14 property.  Plaintiff alleges that defendant Zaniroli's report falsely stated that plaintiff's drinking
15 cup was not authorized.  Plaintiff's allegations regarding defendant Zaniroli are vague in that
16 they do not describe the circumstances of the confiscation of plaintiff's cup.  Nor does plaintiff
17 describe the cup.  Without this information, the court cannot determine whether plaintiff has
18 stated a colorable claim against defendant Zaniroli.  Accordingly, the claims against this
19 defendant are dismissed with leave to amend.
20             Plaintiff alleges that defendant Shephard improperly denied his administrative
21 appeals.   Because plaintiff has no constitutional right to a specific grievance procedure, the court
22 finds that he has failed to state colorable claims for relief against defendant Shephard.  <u>Ramirez</u>
23 <u>v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003).  Accordingly, the claims against this defendant are
24 dismissed with leave to amend.
25             Plaintiff alleges that defendant Glensor improperly stated that when an inmate is
26 placed in a holding cell, it is the inmate's responsibility to ask for a sack meal if he has not eaten

1  in the dining room. These allegations do not state a colorable constitutional claim against
2  defendant Glensor. Accordingly, the claims against this defendant are dismissed with leave to
3  amend.
4        If plaintiff files an amended complaint, he should not rely on exhibits to state his
5  claims for him. Rather, the amended complaint should include a short and plain statement of his
6  claims. Fed. R. Civ. P. 8(a).
7        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
8  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
9  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
10 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
11 there is some affirmative link or connection between a defendant's actions and the claimed
12 deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
13 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
14 allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board
15 of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).
16       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
17 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
18 amended complaint be complete in itself without reference to any prior pleading. This is
19 because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v.
20 Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
21 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
22 original complaint, each claim and the involvement of each defendant must be sufficiently
23 alleged.
24       Plaintiff has requested the appointment of counsel. The United States Supreme
25 Court has ruled that district courts lack authority to require counsel to represent indigent
26 prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In

certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.83. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's November 8, 2006, motion for appointment of counsel is denied.

DATED: 12/18/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wal2139.b