1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES E. WALDON,

11          Plaintiff,                          No. CIV S-06-2139 MCE GGH P

12       vs.

13   OFFICER RAMIREZ, et al.,

14          Defendants.

15   _____/          ORDER

16          Plaintiff is a state prisoner proceeding pro se.  Pending before the court is the

17   amended complaint filed January 22, 2007.

18          Named as defendants are D. Ramirez, D. Zaniroli, D. Harris and M. Sheppard.

19   Plaintiff first alleges that as he entered the dining hall, defendants Ramirez and Harris

20   confiscated his drinking cup.  The cup was from the canteen.  Defendants told plaintiff that

21   inmates were not allowed to bring their personal cups to the dining hall.  Plaintiff alleges that

22   defendants violated the Takings Clause of the Fifth Amendment.

23          The Takings Clause under the Fifth Amendment provides that no "private

24   property [shall] be taken for public use, without just compensation."  U.S.Const., amend. V. The

25   Fifth Amendment "limits the government's ability to confiscate property without paying for it..."

26   Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003).  Any taking of property under the Fifth

                                              1

1  Amendment must be for the public use.  Kelo v. City of New London, Conn., 545 U.S. 469, 125

2  S.Ct. 2655, 2661 (2005).

3          Plaintiff does not allege that defendants confiscated his cup for public use.

4  Rather, it was confiscated as contraband.  For this reason, the court finds that plaintiff has failed

5  to state a claim pursuant to the Takings Clause of the Fifth Amendment.

6          Plaintiff alleges that on November 10 or 11, 2004, defendants Ramirez and Harris

7  placed him in an outdoor cage for four to five hours.  Plaintiff alleges that he was not provided

8  with a jacket or blanket during this time.  While the situation may have been uncomfortable for

9  plaintiff, this allegation falls far short of an Eighth Amendment violation.  Hudson v. McMillian,

10  503 U.S. 1, 1000, 112 S. Ct. 995 (1992).

11          IT IS HEREBY ORDERED that the complaint is dismissed with leave to amend.

12  If plaintiff believes that he can cure the defects in his complaint, he must file the amended

13  complaint within twenty days of the filed date of this order.

14  DATED:  3/9/07

                                    /s/ Gregory G. Hollows

15  _____

                                    UNITED STATES MAGISTRATE JUDGE

16

17

18  wal2139.1

19

20

21

22

23

24

25

26